# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:09CV23-V-02
# (5:03CR48-1-V)

| | |
|---|---|
| **ELIAS ECHEVERRIA-MENDEZ,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court upon Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. §2255, filed March 6, 2009. For the reasons stated herein, the instant Motion to Vacate will be <u>dismissed</u> as untimely filed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As was noted in the Court's Order of March 11, 2009, entered pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), Petitioner pled guilty to charges of: (1) conspiring to possess with intent to distribute at least five kilograms of cocaine, at least 500 grams of methamphetamine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 (Count One); (2) conspiring to import into the United States five kilograms or more of cocaine, 500 grams or more of methamphetamine and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 960(a) and

(b) and 963 (Count Two); (3) conspiring to launder money, in violation of 18 U.S.C. § 1956(h)(Count Three); (4) possession with intent to distribute at least 500 grams of cocaine, and aiding and abetting that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Five); (5) possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (Count Eight); (6) possession with intent to distribute 50 grams or more of methamphetamine, and aiding and abetting that offense, all in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (Count Nine); (7) possession with intent to distribute 50 grams or more of methamphetamine, and aiding and abetting that offense, all in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (Count Ten); and (8) re-entering the United States after previously having been convicted of an aggravated felony, in violation of 8 U.S.C. §1326(a) and (b)(2) (Count Fifteen). (Case No. 5:03CR48-1-V, document # 251: Superseding Indictment).

On July 10, 2006, the Court conducted a Factual Basis and Sentencing Hearing during which Petitioner was sentenced to a total of 360 months imprisonment. The Court's Judgment was filed on August 8, 2006. (Case No. 5:03CR48-1-V, document # 517).

Petitioner appealed his case to the Fourth Circuit Court of Appeals. However, the Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. See United States v. Echeverria-Mendez, 223 Fed. App'x 215 (4th Cir. April

3, 2007). Thereafter, the Court of Appeals issued its mandate on April 25, 2007, and Petitioner did not pursue certiorari review in the U.S. Supreme Court. Rather, after the lapse of nearly two years, on March 6, 2009, Petitioner filed the instant Motion to Vacate, seeking to challenge several matters, including this Court's alleged failure to comply with Fed.R.Crim.P. 11, the sufficiency of the Superseding Indictment, the effectiveness of his attorney, and his actual innocence. However, the Court's initial review of that Motion revealed the potential for a summary dismissal.

That is, as the Court advised in its Hill Order, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court's Hill Order reflects the determination that since the Court of Appeals' mandate was filed on April 25, 2007, Petitioner's case became final on or about July 24, 2007 -- that is, at the expiration of the 90-day period during which Petitioner could have filed (but did not file) a petition for a writ of certiorari in the U.S. Supreme Court. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). That Order further reflects the determination that Petitioner had up to and including July 24, 2008, in which to file the instant Motion to Vacate. Thus, inasmuch as Petitioner's Motion to Vacate was filed well after that July 2008 deadline, the Court's Hill Order directed Petitioner to file a document explaining why his Motion to Vacate should be construed as timely filed.

To that end, on March 25, 2009, Petitioner filed a letter in response to the Court's Hill Order. Such letter asserts that Petitioner speaks little English, was unaware of the one-year deadline, has little understanding about the judicial system and, inexplicably, "was under the impres[s]ion that his attorney was going to file a Writ of Cert in this matter . . . ." However, such assertions fall far short of carrying the day for Petitioner.

## II.  **ANALYSIS**

As is apparent from the foregoing, Petitioner cannot establish a statutory basis for excusing his delayed filing of his Motion to Vacate.  Instead, it appears that Petitioner's assertions are aimed at establishing an equitable basis for excusing his untimeliness.  However, while it is well settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner has failed to show that he is entitled to application of those principles.

Indeed, Petitioner's assertions do not point either to any wrongful conduct of the government or to the existence of any extraordinary circumstances beyond his control. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (noting that equitable tolling generally is available only where petitioner was prevented from asserting claims by wrongful conduct of the government, or where extraordinary circumstances beyond petitioner's control made it impossible to file claims in a timely manner.).  See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (discussing the requirements for equitable tolling.).

To be sure, in Sosa, the Court rejected a petitioner's contentions that his "'language difficulties'" entitled him to equitable tolling.  Rather, the Court noted, as is the case here, that the petitioner had submitted various filings in English, and

5

that those filings failed to reveal Petitioner's inability to communicate with the Court. Here, like in Sosa, Petitioner's allegation of deficient language/ communications skills is not supported by this record. In fact, Petitioner's Pre-Sentence Report reflects that he initially entered the United States from Mexico in 1989; and his criminal file shows that he wrote at least one letter in English to the Court during his pre-trial phase.

Furthermore, the documents which Petitioner has submitted in this civil proceeding belie his claims of a language or communication barrier. Consequently, that assertion fails to provide a basis for equitable tolling. See Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) (requiring that petitioner "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure legal materials in his own language or translation assistance from an inmate, library personnel, or other source.").

Second, in Jackson v. United States, 319 F. Supp. 2d 672, 675 (E.D. Va. 2004), the Court noted that it was unaware of any authority which "suggest[ed] that a petitioner's unawareness of the finality of his conviction constitutes the necessary extraordinary and external circumstances that warrant equitable tolling." On the contrary, the Jackson Court found, based upon principles of agency, that a defense attorney's actions are

attributable to his client and, therefore, do not "present circumstances external to the party's own conduct" so as to justify equitable tolling. Id. at 676. Accordingly, therefore, Petitioner's claim that he was under the impression that his attorney was pursuing certiorari review for him simply is unavailing here.

Likewise, another circuit has found that a petitioner's unfamiliarity with legal procedures is insufficient to equitably toll the one-year limitation period, regardless of whether that unfamiliarity is do to illiteracy or any other reason. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). In sum, Petitioner has failed to establish an excuse for his having failed to file his Motion to Vacate in a timely manner.

### III. CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring motions to vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute. Here, Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed. Accordingly, the instant Motion to Vacate must be dismissed as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: April 6, 2009

Richard L. Voorhees
United States District Judge