IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10cv109-1-V
5:03cr48-V

| | | |
|---|---|---|
| ELIAS ECHEVERRIA-MENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon a transfer from the United States District

Court for the Eastern District of California.

On May 18, 2010, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 in the United States District Court for the Eastern District of California.  (Doc.

No. 1.)  In his § 2241 Petition, Petitioner argued that pursuant to the Supreme Court's holding in

United States v. Santos, 553 U.S. 507 (2008), his conduct did not fall under the prohibitions of

the money laundering statute under which he was convicted.  (Doc. Nos. 1 and 3.)  On June 22,

2010, the Eastern District of California, after determining that Petitioner's filing was challenging

the legality of his sentence and thus more properly brought pursuant to 28 U.S.C. § 2255 and

heard in the sentencing court, ordered Petitioner to show cause as to why his petition should not

be construed as a § 2255 motion and transferred to the sentencing court.  (Doc. No. 8.)

Petitioner responded on July 2, 2010, objecting to construing his filing as a § 2255 motion and

arguing that his claim was based on an intervening change in the law that established that he was

actually innocent. (Doc. No. 9.) Petitioner asserted that because § 2255 does not have a provision permitting a petitioner to pursue an intervening change in the law after the expiration of AEDPA's limitation period, his claim should be permitted pursuant to the savings clause of § 2255(e). (Doc. No. 9.) The Ninth Circuit rejected Petitioner's argument that his claim was properly raised pursuant to 28 U.S.C. § 2241 and transferred his case to this Court.[1]

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). A review of the record reveals that on March 6, 2009, Petitioner filed a motion to vacate with this Court which was denied and dismissed as untimely on April 6, 2009. (case no. 5:09CV23-2-V.) Petitioner's transferred § 2255 motion is therefore Petitioner's second motion to vacate with this Court and must be dismissed. Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Proceed In Forma Pauperis is **DENIED** as moot as motions pursuant to § 2255 do not require a filing fee;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED without prejudice** as successive; and

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254

---

[1] The Court notes that the transferring court did not specifically order this filing to be converted to a motion pursuant to 28 U.S.C. § 2255. Such conversion, however, is self-evident from the transferring court's analysis. Moreover, this Court only has jurisdiction over Petitioner's claims if they are made pursuant to 28 U.S.C. § 2255. As Petitioner is not incarcerated in a prison located in this district, this Court would have no jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right and that any dispositive procedural rulings are also debatable or wrong. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: August 20, 2010

Richard L. Voorhees
United States District Judge