IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00024-RLV
(5:03-CR-00048-RLV-CH-1)

ELIAS ECHEVERRIA-MENDEZ, )
)
    Petitioner, )
)
v. )
) **ORDER**
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

## I.    BACKGROUND

On July 10, 2006, Petitioner was sentenced following his entry of guilty pleas to eight counts in a superseding indictment which was returned by the grand jury for this district and charged counts of drug trafficking, money laundering, and reentry by a deported alien. Petitioner was sentenced to a term of 360-months' imprisonment on the controlled substance offenses and a concurrent 240-month term of imprisonment on the money laundering and illegal reentry convictions. (5:03-CR-00048, Doc. No. 517: Judgment in a Criminal Case).

On March 3, 2007, Petitioner's judgment was affirmed by the United States Court of Appeals. United States v. Echeverria-Mendez, 223 F. App'x 215 (4th Cir. 2007) (unpublished). On March 6, 2009, Petitioner filed a § 2255 motion to vacate, set aside or correct sentence which the Court dismissed after finding that it was untimely. Petitioner did not appeal. (5:09-CV-00023-RLV). This second § 2255 motion follows.

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner renews his attack on the same criminal judgment and presents two grounds for relief which he poses as questions: (1) Whether the Petitioner can properly file his otherwise out-of-time § 2255 successive petition pursuant to 28 U.S.C. § 2255(f); and (2) Whether the United States Supreme Court's decision in Alleyne requires vacation of the Petitioner's conviction and sentence and remand for resentencing. (5:14-CV-00024, Doc. No. 1

at 4).[1] The Court must answer no to both questions as they must be answered in the affirmative by the Fourth Circuit before this Court may pass on whatever merits the arguments may have.

As Petitioner appreciates, he has filed a successive § 2255 motion, and the Court finds that he has failed to provide any evidence that he has secured authorization from the Fourth Circuit to file this successive motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 3, 2014

Richard L. Voorhees
United States District Judge

---

[1] Alleyne v. United States, 133 S. Ct. 2151 (2013).